**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SOPHIA FISHER,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-2299** |
| | : | |
| **PROSPECT MEDICAL HOLDINGS,** | : | |
| ***et al.*,** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J. SEPTEMBER 1, 2026

*Pro se* Plaintiff Sophia Fisher commenced this civil action by filing a Complaint alleging employment discrimination and retaliation by Prospect Medical Holdings (Prospect) and Crozer Health (Crozer). (*See* ECF No. 2.) She sought leave to proceed *in forma* pauperis, which this Court granted. (*See* ECF Nos. 1, 16.) On the required screening under the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court will dismiss the case without prejudice for failure to state a plausible claim.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

### A. Factual Allegations

Fisher was hired on February 21, 2022 as a medical receptionist at Crozer Health, which

---

[1] The factual allegations set forth in this Memorandum are taken from Fisher's Complaint consisting of this Court's Employment Discrimination form complaint for use by unrepresented litigants plus attachments (ECF Nos. 2, 2-1). The Court adopts the pagination assigned to all filings by the CM/ECF docketing system. The Court may consider matters of public record when conducting a screening under § 1915, *see Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)), and it has taken judicial notice of filings on the docket in *In Re Prospect Medical Holdings, Inc.*, *et al.*, No. 25-80002 (Bankr. N.D. Tx.), in deciding this case.

operated a hospital in Chester, Pennsylvania. (ECF No. 2-1 at 2.) At some unspecified time in 2022, she notified her employer of diagnosed health conditions including generalized anxiety disorder, bipolar disorder, psychosis, and spondylosis with radiculopathy. (*Id.* at 2, 4.) These conditions affected her ability to concentrate, sleep, and perform physical tasks for extended periods. (*Id.* at 4.) At some point, Fisher was approved by Crozer's third-party administrator to take leave under the Family and Medical Leave Act (FMLA), and she was admitted to an inpatient program. (*Id.*) Her supervisor, Joyce Richards, was allegedly aware of her disabilities. (*Id.*) In early 2023, after returning from FMLA leave, her new supervisor, Donna Garcia, subjected Fisher to harassment by questioning her diagnosis, comparing Fisher's FMLA leave to that of other employees, and making unreasonable demands concerning Fisher's return to work. (*Id.*) Garcia purportedly disclosed other employees' private medical information to pressure Fisher into providing more details about her own condition. (*Id.*)

At some point, Fisher had a new cervical spinal fusion surgery. (*Id.* at 2.) She developed a multi-drug-resistant infection (pseudomonas). (*Id.*) By the time her infectious disease doctor cleared her to return to work in July 2024, Fisher's position had been filled. (*Id.*) Fisher applied for five positions within the organization, and was offered each job, but when hiring managers attempted to initiate the transfer process, the requests were "repeatedly blocked without explanation." (*Id.* at 4.) She never returned to work there, despite her qualifications. (*Id.*) On October 14, 2024, Fisher contacted the Human Resources Director, Lisa Ellis, who ignored her complaint. (*Id.*) The company subsequently blocked access to her work email. (*Id.* at 2.) She also contends that her employer surveilled her desktop computer at work and subjected her to improper medical inquiries. (*Id.*)

### B. Procedural History

Fisher filed a complaint with the Equal Employment Opportunity Commission in October 2024 and received a Notice of Right to Sue Letter on May 5, 2025. (ECF No. 2 at 4.) She submitted her civil Complaint to this Court on the same day. (*Id*. at 1.) Fisher alleged violations of the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII), and the Pennsylvania Human Relations Act (PHRA) for discrimination and retaliation. (ECF No. 2-1 at 2.) Among her injuries, Fisher claimed lost wages and emotional distress, for which she sought money damages and injunctive relief. (*Id*.) On her civil cover sheet, Fisher identified a "related" case, *In Re Prospect Medical Holdings, Inc.*, *et al.*, No. 25-80002 (Bankr. N.D. Tx.), and noted that Crozer was part of Chapter 11 bankruptcy proceedings. (*Fisher*, No. 25-2299, ECF No. 2-1 at 1.) Soon after that, counsel for Crozer and Prospect entered an appearance and filed a "Notice of Bankruptcy Petition and Automatic Stay," stating that Prospect and Crozer, one of Prospect's affiliates, had filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, on January 11, 2025. (ECF No. 5.) Pursuant to 11 U.S.C. § 362(a), the filing of the voluntary petition operated as a stay of the commencement or continuation of all judicial or administrative proceedings against Prospect and Crozer commenced before the filing of the petition or to recover for claims that arose before the commencement of the bankruptcy case. *See id.*; *In Re Prospect Medical*, Bankr. N.D. Tx. No. 25-80002, Dkt. No. 1. In light of the automatic stay and consistent with the Court's inherent power to manage its docket, *see R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)), the Court entered a stay in this matter on May 28, 2025. (*Fisher*, No. 25-2299, ECF No. 6.) The Court directed the parties to submit status reports of the bankruptcy matter every six months. (*Id*.)

On March 20, 2026, counsel for Prospect and Crozer notified the Court by letter that the

Debtors' Bankruptcy Plan ("the Plan") had been approved by the Bankruptcy Court and the Confirmation Order had gone into effect. (ECF No. 10.) The Defendants attached a copy of Plan's subsection permanently enjoining the adjudication of pre-petition claims. (*Id*. at 3-4.) Fisher filed responses to the Defendants' letter, disputing that her claims were barred. (*See* ECF Nos. 11, 14, 15.) She asserted that she did not seek recovery from the estate or assets of the reorganized debtor but from available insurance coverage, as permitted by the Plan. (ECF No. 15 at 1-2.)

On June 10, 2026, the Court entered an order lifting the stay in this matter, granting Fisher leave to proceed *in forma pauperis*, and directing the Defendants to respond to Fisher's assertions. (ECF No. 16.) The Defendants responded by letter entered on June 22, 2026, with a copy of the Confirmation Order attached. (ECF No. 18.)[2] Defendants' counsel maintained Fisher was mistaken that her employment claim could proceed, considering the permanent injunction and the terms of the Confirmation Order. (*Id*. at 1.) Counsel asserted that "[d]iscrimination and retaliation claims fall outside the carve-outs" provided in the Confirmation Order, as the only carve-outs were for "Insured Claims" covered by professional liability or general liability policies.[3] (*Id*. at 2 (citing the Confirmation Order in *In Re Prospect Medical*, Bankr. N.D. Tx No. 25-80002, Dkt. No. 4230, at 59-60 ¶¶ 134, 135).) Accordingly, Defendants asserted, the bankruptcy discharge of Prospect and Crozer permanently enjoined Fisher's civil action from proceeding in this Court.

The matter is now ripe for statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

[2] ECF No. 17 contains only a copy of Defendants' letter without the Confirmation Order attachment.

[3] Under the terms in the Plan, "Insured Claim" refers to "a Claim for personal injury, wrongful death, medical malpractice or similar tort Claim that is or may be covered by one or more professional liability or general liability Insurance Policies, or for which a Debtor is entitled to indemnification, reimbursement, contribution, or other payment under one or more Insurance Policies . . . ." (ECF No. 18 at 115, ¶ 124.) "Insurance Policies" refers to "all insurance policies that have been issued at any time to or provide coverage to the Debtors . . . regarding Claims for personal injury, wrongful death, medical malpractice, or similar tort Claims . . . ." (*Id*. ¶ 123.)

## II. STANDARD OF REVIEW

Since Fisher is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915, the Court must dismiss the Complaint if it is frivolous, fails to state a claim, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Fisher is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

As noted in earlier orders, the Court takes judicial notice that Prospect and its affiliate Debtor Crozer filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on January 11, 2025. *See In Re Prospect Medical*, Bankr. N.D. Tx. No. 25-80002, Dkt. No. 1; *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (addressing judicial notice on screening). The Court further acknowledges that Prospect and Crozer were subsequently discharged from liability on the effective date of the Amended Joint Chapter 11 Plan by the

Bankruptcy Court for claims that arose prior to January 11, 2025, except as otherwise provided by the Confirmation Order or Plan. *See In Re Prospect Medical*, Bankr. N.D. Tx. No. 25-80002, Dkt. No. 4230 at 59-60).) The discharge thus enjoins lawsuits for claims that arose prior to January 11, 2025, except as specifically provided in the Plan or Confirmation Order. *Id.*; *see* 11 U.S.C. § 524(a)(2) ("A discharge in a [Chapter 11 bankruptcy] case . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."); *see also* 11 U.S.C. § 1141(d) (stating that confirmation of a bankruptcy plan discharges debt that arose prior to the confirmation).

Fisher's Complaint states facts indicating that her claims for employment discrimination and retaliation arose prior to January 11, 2025, and she seeks damages based on those claims. (*See Fisher*, No. 25-2299, Compl. at 3, ECF No. 2-1 at 2, 4-5.) Accordingly, under 11 U.S.C. § 524(a)(2) and the Confirmation Order, the discharge served to enjoin the continuation of Fisher's case in this Court. *Id.*; *In Re Prospect Medical*, Bankr. N.D. Tx. No. 25-80002, Dkt. No. 4230 at 59-60. Fisher has argued that her claims should qualify as carve-outs under the Confirmation Order's "Insured Claim" provision, but the term as defined in the Plan does not expressly include employment discrimination claims.[4] (*See Fisher*, No. 25-2299, ECF No. 15 at 1-2; ECF No. 18 at 115, ¶¶ 123, 124.)). To the extent that she questions its inclusion or exclusion, this Court is not

[4] Fisher submitted to this Court a document captioned in the *In Re Prospect Medical Holdings* case in the Bankruptcy Court for the Northern District of Texas, entitled "Supplemental Lift Stay Notice." (*Fisher*, No. 25-2299 ECF No. 9 at 2-4.) The document references the Bankruptcy Court's October 28, 2025 "Order Granting Emergency Motion For Relief From Automatic Stay Filed By Debtors," which in part modified the automatic stay for certain claimants to adjudicate their professional liability/general liability ("PL/GL") claims to final judgment or settlement and provided that other PL/GL claimants could file a notice on the form attached as an exhibit to the Order to lift the automatic stay. *See In re Prospect Medical*, Bankr. N.D. Tx. 25-80002, Dkt. No. 3628 at 2-3. It is unclear whether Fisher submitted the form in the bankruptcy matter, but submitting it in this Court has no effect, as this Court has no role in the bankruptcy action. Nor does that document appear to relate to claimants for any employment practices liability insurance policy.

the proper forum for her to resolve that dispute. (*See id.*, ECF No. 18 at 179-81 (Article X. Retention of Jurisdiction)). The discharge injunction under 11 U.S.C. § 524(a)(2) is binding here.

Fisher's claims against Defendants will be dismissed without prejudice, but Fisher will not be given leave to amend her claims in this Court. Nonetheless, the dismissal of Fisher's claims against Defendants in this action does not affect her ability to proceed in the Bankruptcy Court in accordance with the terms of the Order Confirming the Amended Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and Its Debtor Affiliates (Bankr. Doc. No. 4230), as well as the procedures of the Bankruptcy Court. *See Boyle v. PMA Med. Specialists, LLC*, 754 F. App'x 93, 96 (3d Cir. 2019) ("Under § 1141's discharge rule, the Bankruptcy Court's confirmation of PMA's reorganization plan**,** permanently enjoined Boyle from pursuing her discrimination claims against PMA. Because Boyle was not entitled to relief once the reorganization plan was confirmed, the District Court did not err in dismissing her complaint."); *Perez-Martinez v. County of Union Penna*, No. 24-5017, 2025 WL 2004700, *6 (E.D. Pa. Jul. 17, 2025) (dismissing pursuant to § 1915(e)(2)(B)(ii) claim against an entity that had been discharged from liability by the bankruptcy court).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint without prejudice for failure to state a claim to relief in this Court. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). No leave to amend in this Court will be given, however, the dismissal is without prejudice to Fisher proceeding before the Bankruptcy Court. An appropriate Order dismissing the case will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

*NITZA I. QUIÑONES ALEJANDRO, J.*